UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.:

RODERICK GAINER,

      Plaintiff,

v.

GARY SMITH FORD, INC., and
TIMOTHY SMITH,

      Defendants.
_____/

# COMPLAINT

Plaintiff, RODERICK GAINER, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, GARY SMITH FORD, INC., and TIMOTHY SMITH, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, GARY SMITH FORD, INC. was an employer as defined by the FLSA.

6. At all times material hereto, GARY SMITH FORD, INC. was Plaintiff's employer as

defined by the FLSA.

7. At all times material hereto, GARY SMITH FORD, INC. was Plaintiff's employer.

8. At all times material hereto, GARY SMITH FORD, INC. was a corporation doing business in the State of Florida.

9. At all times material hereto, GARY SMITH FORD, INC. was conducting business in this judicial district.

10. At all times material hereto, GARY SMITH FORD, INC.'s principal place of business was in Fort Walton Beach, Florida.

11. At all times material hereto GARY SMITH FORD, INC. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

12. GARY SMITH FORD, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

13. GARY SMITH FORD, INC., upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, TIMOTHY SMITH was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, TIMOTHY SMITH was an owner of GARY SMITH FORD, INC.

16. At all times during Plaintiff's employment, TIMOTHY SMITH was an officer of GARY SMITH FORD, INC.

17. At all times during Plaintiff's employment, TIMOTHY SMITH was a director of

GARY SMITH FORD, INC.

18. At all times during Plaintiff's employment, TIMOTHY SMITH was a shareholder of GARY SMITH FORD, INC.

19. At all times during Plaintiff's employment, TIMOTHY SMITH was paid a salary by GARY SMITH FORD, INC.

20. At all times during Plaintiff's employment, TIMOTHY SMITH shared in or was entitled to a share of the profits of GARY SMITH FORD, INC.

21. At all times during Plaintiff's employment, TIMOTHY SMITH had operational control over GARY SMITH FORD, INC.

22. At all times during Plaintiff's employment, TIMOTHY SMITH was directly involved in decisions affecting employee compensation and hours worked by employees.

23. At all times during Plaintiff's employment, TIMOTHY SMITH controlled the finances for GARY SMITH FORD, INC.

24. At all times during Plaintiff's employment, TIMOTHY SMITH was Plaintiff's manager and/or supervisor.

25. At all times during Plaintiff's employment, TIMOTHY SMITH's primary duty was to manage and/or supervise GARY SMITH FORD, INC.

26. At all times during Plaintiff's employment, TIMOTHY SMITH customarily and regularly directed the work of all employees at GARY SMITH FORD, INC.

27. At all times during Plaintiff's employment, TIMOTHY SMITH had the authority to hire or fire other employees.

28. At all times during Plaintiff's employment, TIMOTHY SMITH's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of

other employees were given particular weight.

29. While working for GARY SMITH FORD, INC., Plaintiff was individually engaged in interstate commerce.

30. While working for GARY SMITH FORD, INC., a substantial part of Plaintiff's work was to clean and detail cars and fill tires with nitrogen.

31. While working for GARY SMITH FORD, INC., a substantial part of Plaintiff's work was to clean and detail cars and fill tires with nitrogen.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 above.

33. Plaintiff worked for Defendants from approximately December 28, 2015 to January 25, 2022.

34. Plaintiff worked for Defendants as an auto detailer.

35. Plaintiff's primary duties and responsibilities included cleaning and detailing any cars, trucks and SUV's that belonged to Gary Smith Ford and its service department and filling tires with nitrogen.

36. Plaintiff was paid at a rate of $600 per week salary plus $25.00 per car commission.

37. Plaintiff was not paid on a salary basis.

38. Plaintiff was not paid the same amount each week.

39. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

40. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

41. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40)

hours.

42. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

43. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

44. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

45. Defendants knew or showed reckless disregard of the above FLSA violations.

46. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

47. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

48. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT III: FLSA RETALIATION

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 above.

50. The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

51. The FLSA prohibits any "person," including an employer, from discharging,

retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

52.     Plaintiff worked for Defendants from approximately December 28, 2015 to January 25, 2022.

53.     Plaintiff worked for Defendants as an auto detailer.

54.     Plaintiff's primary duties and responsibilities included cleaning and detailing any cars, trucks and SUV's that belonged to Gary Smith Ford and its service department and filling tires with nitrogen.

55.     Plaintiff was paid at a rate of $600 per week salary plus $25.00 per car commission.

56.     Plaintiff was qualified for Plaintiff's position with Defendants.

57.     Defendants took adverse action against and discriminated against Plaintiff and terminated Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq.*

58.     Defendants terminated Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq*.

59.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a

trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, RODERICK GAINER, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
RODERICK GAINER, as Plaintiff

10/26/2022
_____
DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:   /s/Todd W. Shulby, Esq.
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365